### IN RE: Corey E. MIKELS, Debtor.

### CASE NO. 12–92829–BHL–13

United States Bankruptcy Court,
S.D. Indiana, New Albany Division.

Signed February 4, 2015

---

Lloyd E. Koehler, New Albany, IN, for Debtor.

## ORDER

Basil H. Lorch III, United States Bankruptcy Judge

This matter came before the Court for hearing on December 15, 2014 on the Debtor's Amended Objection which was filed on August 27, 2014 [Docket No. 52] to the Internal Revenue Service's Proof of Claim, as amended on February 20, 2014 (Claim 5–2). The IRS' Preliminary Response to Debtor's Objection to Claim was filed on October 30, 2014.

The Court, having considered the foregoing and based upon the following Findings of Fact and Conclusions of Law, finding no merit to the Debtor's claim for relief under 26 U.S.C. § 6015(c), and further finding that this Court lacks jurisdiction to grant relief under 26 U.S.C. § 6015(f), now orders that the Debtor's Amended Objection should be, and accordingly is, overruled.

### Findings of Fact

1. At all relevant times herein (2003–2005 and 2007–2010), Debtor Corey E. Mikels ["Mikels"] was married to Kimberly Jo Mikels. The couple filed late joint income tax returns for the tax years 2003–2005, 2007, 2010. IRS records indicate that the Mikels did not file income tax returns for the 2008 and 2009 tax years. Instead, the IRS opened an examination of those two years on May 21, 2012, and assessed tax liabilities based on deficiency notices;

2. The Mikels' marriage was dissolved on May 6, 2011. The divorce court ordered Kimberly to pay the first $93,174.00 of "Tax Obligations" with Mikels responsible for 50% of any additional outstanding federal and state taxes;

3. On December 29, 2012, Mikels filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code;

4. On or about March 13, 2013, Mikels filed Forms 8857 (Request for Innocent Spouse Relief) with the IRS for the tax years ending December 31, 2003, 2004, 2005, 2007, 2008, 2009, and 2010. On or about November 18, 2013, the IRS granted relief for the 2008 and 2009 tax years, and denied relief for the remaining years; .

5. On February 20, 2014, the IRS filed an Amended Proof of Claim against Mikels ["Claim No. 5–2"]. The Amended Proof of Claim amended and superseded Claim No. 5–1 filed on January 29, 2013, and shows that the income tax liabilities for the 2008 and 2009 tax years were abated;

6. On August 27, 2014, Mikels filed an Objection to the IRS Proof of Claim, alleging that he was entitled to relief from joint and several liability as an "innocent spouse" and that his ex-wife was sole proprietor of a daycare center, that he was never involved in the operations of the daycare center, and that he was a salaried law enforcement officer who had sufficient income withheld from his salary to cover the tax liabilities that would accrue thereon.

**Conclusions of Law**

1. 26 U.S.C. § 6015(a) provides that an individual who has filed a joint return may "elect" relief under the administrative procedures proscribed under subsection (b), which applies if there was an understatement of tax by the taxpayers, or alternatively, under subsection (c) which, in certain circumstances, allows a spouse to allocate a deficiency between the two spouses if the taxpayers are no longer married or legally separated. If neither section is applicable, a taxpayer may seek innocent spouse relief under subsection (f) which allows the Secretary of the Treasure to grant relief if it is otherwise equitable;

2. Mikels seeks innocent spouse relief under 26 U.S.C. § 6015(c) and/or (f);

3. Pursuant to the plain language set out therein, to be entitled to relief under section 6015(c), there must be a "deficiency" assessed by the IRS. See United States v. Feda, 2006 WL 897887, *3 (N.D.Ill. 2006);

4. Except for tax years 2008 and 2009, which have now been abated, none of the tax years in issue had deficiency assessments by the IRS;

5. To be entitled to relief under section 6015(f), a taxpayer must not be entitled to relief under subsection (b) or (c) and, "it [would be] inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)." In such cases, "the Secretary [of the Treasury or his delegate] may relieve such individual of such liability." · ·

6. Review of the Secretary's decision to deny innocent spouse relief under subsections (b), (c) and (f) is by petition to the Tax Court. 26 U.S.C. § 6015(e)(1), 26 C.F.R. 1.6015–7;

7. Although the statute does not address whether the Tax Court's jurisdiction is· exclusive, courts interpreting the statute have concluded that it is. See United States v. Boynton, 2007 WL 737725 (S.D.Cal.2007); United States v. Elman, 2012 WL 6055782 (N.D.Ill.2012.);

8. As stated by one court, "[n]o part of section 6015 confers jurisdiction in the federal district courts to deter-

mine innocent spouse claims in the first instance, and for section 6015(e)(3) to confer jurisdiction upon a federal district court to review an innocent spouse claim that the IRS denied or took no action upon, there must have been (1) a proper election for innocent spouse relief made, (2) either a denial or inaction after 6 months with respect to that election for relief by the IRS, (3) a timely petition to the Tax Court, and (4) the timely commencement of a refund action in a federal district court that proceeds simultaneously with the Tax Court case." *United States v. Wallace,* 2010 WL 2302377 at *4 (S.D.Ohio.2010);

9. Mikels was notified in the form letter sent to him denying his request for innocent spouse relief as to the 2003, 2004, 2005, 2007 and 2010 tax years that his appeal was to the Tax Court and the time within which to file a petition for review but he did not petition the Tax Court to review the denial of innocent spouse relief;

Based upon the foregoing Findings of Fact and Conclusions of Law, the Court finds that section 6015(c) is inapplicable to tax years other than 2008 and 2009. Because the IRS amended its claim, abating Mikels' income tax liability for the 2008 and 2009 tax years, any objection under section 6015(c) is now moot. The Court further finds that it lacks jurisdiction to make a determination of innocent spouse relief under section 6015(f). Mikel's Objection to the IRS' Claim is, accordingly, overruled.

**IT IS SO ORDERED.**